IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTOPHER MCKINNEY,

                 **Plaintiff,**

    and

BEST BUY CO., INC.,

                 **Intervenor,**

    v.

COMPACT POWER SERVICES,
INC. and BIG LIFT, LLC, as
successor of Big Joe Manufacturing
Co.,

                 **Defendants.**

                           1:12-cv-1338-WSD

## OPINION AND ORDER

This matter is before the Court on the Court's September 27, 2013, Order [86] requiring a hearing to evaluate Plaintiff's compliance with the Court's January 15, 2013 Order (the "January 15th Order") [74] which allowed Plaintiff to dismiss this action without prejudice. The hearing was conducted on October 24, 2013. On October 25, 2013, the Court directed the parties to address three issues in written memoranda to be submitted to the Court, and those submissions have now been filed. The Court now considers whether Plaintiff complied with the January 15th Order, and if not, whether sanctions are appropriate. The Court also

determines the amount of attorney's fees and expenses Plaintiff was required to pay to Defendants as a condition precedent to "re-fil[ing] this action, or any other action asserting similar claims" as those asserted in this action.  (January 15th Order at 10).

## I.   BACKGROUND

This matter centers on the Court's January 15th Order in which the Court granted Plaintiff's motion to dismiss this personal injury action without prejudice so that it could be re-filed, thus avoiding the discovery cutoff date imposed in this litigation.  Plaintiff's Motion for Dismissal Without Prejudice (the "Motion to Dismiss") [58] was filed by his current, newly-retained counsel following the failure of Plaintiff's original counsel to timely conduct meaningful discovery in this action.  Plaintiff's new counsel pressed for the dismissal of this action without prejudice to avoid the impending discovery cutoff date.  Defendants vigorously opposed the Motion to Dismiss on the grounds that it was a transparent attempt to avoid the consequence of Plaintiff's failure to conduct discovery and to prepare for trial.  Plaintiff's new lawyer acknowledged that his predecessor counsel had failed to conduct discovery of the case and that he was requesting the Court to, generously, exercise its discretion to allow the case to be dismissed so that a new action could be filed and the case could be properly investigated and prosecuted.

Plaintiff's new counsel also acknowledged and agreed that the Court was entitled to impose conditions on the re-filing of the action.

After considering the request to dismiss, and Plaintiff's new counsel's claim that his predecessor was derelict in preparing Plaintiff's case, the Court, albeit quite reluctantly, agreed to allow the case to be dismissed without prejudice. In doing so, the Court recognized, and Plaintiff's new counsel agreed, that Defendants would incur new litigation fees and expenses they would not have incurred if the Motion to Dismiss was not granted. The Court, in granting Plaintiff's motion, thus required Plaintiff to pay to Defendants the costs and attorney's fees incurred in this action that were, at the time the January 15th Order was entered, reasonably expected to be duplicated in any action that Plaintiff filed in which he asserted the same or similar claims as those filed in this case. The payment of these amounts was the condition the Court imposed when it allowed Plaintiff to dismiss this action without prejudice.[1]

The re-filing condition that was imposed—and required to be met *before* Plaintiff was permitted to re-file the same or similar claims—was that Plaintiff pay

---

[1] Plaintiff's new lawyer's admitted tactic in moving to dismiss was, as the Court noted previously, to manage around his predecessor's litigation shortcomings to find a way to file a new, duplicate action. (January 15th Order at 7). The Court in allowing the case to be dismissed without prejudice determined, reluctantly, that Defendants would not suffer "clear legal prejudice," in dismissing this action.

to Defendants the costs and attorney's fees reasonably expected to be duplicated in any action that Plaintiff sought to re-file. The condition was not the pre-payment of costs and fees for activity that Plaintiff thought was required or which would ultimately prove successful. The condition was imposed as a means to compensate Defendants for any added litigation activity reasonably expected if Plaintiff re-filed the same or similar claims, even if the activity was not ultimately required.[2] Thus, the Court required Defendants to file "within fourteen (14) days of . . . [the January 15th] Order, an itemized list of costs and attorney's fees that they have incurred in this action and that they reasonably expect will be required to be duplicated in a re-filed action." (Id. at 12.) On January 30, 2013, Defendant Compact Power Services, Inc. ("Compact") filed its list of costs and attorney's fees anticipated to be incurred [76].[3]

On January 16, 2013, Plaintiff sent to the Court's Courtroom Deputy Clerk an unsolicited email claiming that the Court's January 15th Order was "inconsistent" and "confus[ing]" to Plaintiff. Plaintiff claimed that Defendants'

---

[2] The Court believed then, and now, that this was a reasonable protection to Defendants who were denied the opportunity to proceed to trial on the record that had been developed in the case and which would have allowed them likely to save significant time and expense in finally resolving this matter.

[3] On January 29, 2013, Defendant Big Lift filed its respective itemized lists of costs and fees [75]. On August 8, 2013, Plaintiff advised the Court that he had resolved his claims against Big Lift and Big Lift agreed to waive its entitlement to fees and costs [80 at 2].

discovery costs, upon a re-filing of this action, "should be very small, if not zero," and that the only other cost should include "the cost of for [sic] example preparing the written answer to a re-filed complaint."  (Pl's Jan. 16, 2013 Email [83.1]). Plaintiff claimed that he had two weeks within which to re-file his complaint because the statute of limitations for his claims would expire on January 26, 2013, and that he "need[ed] to add a products liability claim against Big Lift . . . and to add a Georgia defendant"—a representation that Plaintiff had not offered in his Motion to Dismiss.

The Court responded to the unsolicited email stating that the January 15th Order was not confusing or ambiguous and confirmed that the costs and fees required to be paid are those anticipated to be incurred for work expected to be "duplicated in a re-filed action"—an obligation clearly stated in the January 15th Order [83.1 at 4].

On January 18, 2013, without payment to Defendants of any expected costs and fees, Plaintiff re-filed this action in the Superior Court of Fulton County.

On February 8, 2013, Plaintiff filed his response to the lists of costs and fees that Defendants indicated they reasonably expected to incur if the action was re-filed.  In his response, Plaintiff acknowledged that "[i]n granting Plaintiff's Motion to Dismiss, [he was] required to reimburse Defendants for the costs and

attorney's fees incurred in this action that were reasonably expected to be duplicated in the re-filed action." (Pl's Resp. to Defs' Submission of Requested Fees and Costs [77] at 1).

On September 17, 2013, the Court ordered Plaintiff to show cause why he did not comply with the January 15th Order by failing to pay the required amounts to Defendants before he re-filed his complaint.

Plaintiff at first claimed that he misunderstood that he would not be able first to litigate what fees and expenses were reasonably anticipated and this should excuse his failure to pay any amount before filing a new action. In submissions filed just hours before the October 24, 2013, hearing, Plaintiff's counsel asserts several new arguments, effectively moving for reconsideration of the Court's previous finding that Plaintiff violated the January 15th Order by failing to meet the Court's re-filing condition. In Plaintiff's last minute submission, Plaintiff included the declaration opinions of a legal professor and a former Justice of the Georgia Supreme Court, which were offered to support counsel's belief that he did not have to make any pre-filing payments of the fees and expenses claimed by Defendants because it was reasonable to believe the payment required was conditioned on Plaintiff's right to contest what he believed were reasonable and necessary fees. The declarants also opine that it was at least reasonable for

Plaintiff's counsel to be confused about his obligations to meet the re-filing condition and that he did not act in bad faith in not complying with the fee payment condition. Thus, the declarants conclude, sanctions should not be imposed.

It is against this backdrop that the Court considers these three issues: (1) whether the Court should reconsider its finding that its January 15th Order was violated by Plaintiff's failure to pay, as a condition of re-filing, those fees and expenses reasonably expected to be incurred by Defendants; (2) whether sanctions should be imposed for violating the January 15th Order; and (3) the amount that Plaintiff is required to pay for fees and expenses reasonably expected to be incurred by Compact as required by the Court's January 15th Order.

## II.    DISCUSSION

### A.    Violation of the January 15th Order

Before considering whether to impose sanctions for the violation of a court order, a district court must first find that the order was violated. Jordan v. Wilson, 851 F.2d 1290, 1292 (11th Cir. 1988). "The district court's interpretation of its own order is properly accorded deference . . . when its interpretation is reasonable." Cave v. Singletary, 84 F.3d 1350, 1354-55 (11th Cir. 1996). This is so because "the district court is in the best position to interpret its own orders." Id.

Plaintiff's counsel argues that the context of the January 15th Order renders it "ambiguous," excusing Plaintiff's failure to pay attorney's fees and expenses as a precondition to the re-filing of the action, despite language in the Order allowing the action to be dismissed without prejudice provided Plaintiff paid to Defendants the required amounts.  In making his context argument, Plaintiff's new counsel relies on an "ambiguity" he claims was created by informal email communications to the Court's Courtroom Deputy Clerk and he relies on the declarations of a former Georgia Supreme Court Justice and a Mercer Law School professor, both of whom stated that Plaintiff's counsel's interpretation of the January 15th Order, and his decision to re-file without meeting the Court's condition, were reasonable and not in violation of the January 15th Order, including in view of the emails he sent to the Court's staff.

What Plaintiff's counsel apparently did not disclose to these two declarants was that his informal email communications violated the Court's Local Rules and thus any "ambiguity" or uncertainty in the Court's January 15th Order was created by his resort to an information communication prohibited by our Rules.  Local Rule 7.4 provides: "Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter.  A letter seeking such action ordinarily will not be treated as a motion."  LR 7.4, NDGa.  Here, Plaintiff's

new counsel understood there was a requirement in the January 15th Order that

served as an unqualified precondition to the re-filing of the action allowed to be

dismissed.  Assuming Plaintiff's new counsel believed there was some ambiguity

in the requirement, he had options to avoid noncompliance, including filing a

motion for relief from or clarification of the requirement.  Plaintiff's new counsel

preferred instead to rely on his interpretation of his informal email as allowing the

re-filing of the case without meeting the condition set by the Court.

The requirement of the January 15th Order is unequivocal.  The Court

stated:

> The impositions of some costs and attorney's fees is appropriate here.
> Although the Court expects that much of the litigation activity already
> conducted in this matter will be useful in a subsequent action, the
> Court recognizes that Defendants will be forced to duplicate some
> efforts, and thereby incur additional expense, in a re-filed case.
> Accordingly, the Court will require that, *before Plaintiff may re-file
> this action*, or any action asserting similar claims, against Defendants,
> he must reimburse Defendants for those costs and attorney's fees
> incurred in this action that are reasonably expected to be duplicated in
> the re-filed action.

(January 15th Order at 10) (emphasis added).  The Court specifically ordered that

"Plaintiff must pay Defendants the costs and attorney's fees that Defendants have

incurred in this action and that are reasonably expected to be incurred in a future

action."  (Id. at 12).  Plaintiff's new counsel did not properly seek relief from this

unequivocal requirement, choosing instead to interpret it as one that the Court

really did not intend to be met until Plaintiff was allowed to contest what would be

paid.[4]   And now it is clear that Plaintiff essentially claims this requirement is

illusory because Defendants did not or should not have, in his opinion, incurred

any expense as a result of the re-filing of the action.[5]

The express requirement of the January 15th Order was unambiguous and

the process put into place was calculated to provide Plaintiff with the information

he needed to meet the re-filing condition imposed.  That is, the language of the

Order and its context show that payment was required to be made, that Defendants

were required to articulate "within fourteen (14) days of th[e January 15th] Order,

an itemized list of costs and attorney's fees that they have incurred in this action

and that they reasonably expect will be required to be duplicated in a re-filed

action" so that Plaintiff could meet his re-filing condition or, if he believed the

---

[4]  It is also troubling that Plaintiff's new counsel did not inform the declarants of
the Local Rule requirements and instead allowed them to believe that the informal
email inquiry was an acceptable way to raise an issue with the Court.
[5]  Plaintiff claims no new fees or costs have been incurred, and because his motion
to remand the re-filed action was granted, any cost associated with it should not be
required to be paid by Plaintiff because he prevailed on the motion.  This position
discloses two shortcomings of Plaintiff's counsel in this action.  First, that counsel
failed to understand that the re-filing condition required Plaintiff to pay for any
litigation activity that one reasonably could expect to be duplicated and it was not
contingent upon whether the expense produced a successful litigation result.
Second, that Plaintiff has not paid any amount incurred by Defendants shows that
the litigation strategy employed was calculated to avoid paying any amount to
Defendants.

amount was beyond what Plaintiff was willing to pay, he could "withdraw his Motion for Dismissal Without Prejudice." (January 15th Order at 10, 12).

Based on the language of the January 15th Order, the context for it, the payment condition required to be met and Plaintiff's election to re-file without meeting it, the Court finds there is clear and convincing evidence that Plaintiff violated the January 15th Order.

B.     Sanctions

The Court next considers whether to impose a civil sanction for violation of its January 15th Order. The Court has the inherent power to impose a sanction for the violation of its orders. Chambers v. NASCO, 501 U.S. 32, 44 (1991). Sanctions may be imposed where a court determines that the party to be sanctioned acted in bad faith in violating its order. Glatter v. Mroz, 261 F.3d 1075, 1123 (11th Cir. 2001).

The Eleventh Circuit has not clearly articulated what constitutes "bad faith." Plaintiff's counsel advises that bad faith exists "where an attorney or client knowingly or recklessly raises a frivolous argument, argues a meritorious claim for the purpose of harassing an opponent, delays or disrupts the litigation, or hampers the enforcement of a court order." (Pl's Resp. [96] to Court's Oct. 25, 2013 Order at 3 (citing Byrne v. Nexhat, 261 F.3d 1075, 1121 (11th Cir. 2001)). In Cordoba v.

<u>Dilliards, Inc.</u> 419 F.3d 1169, 1178 (11th Cir. 2005), the Eleventh Circuit

acknowledged that it is unclear what constitutes bad faith warranting a sanction,

stating the circuit cases are "somewhat unclear on this point: either they require

subjective bad faith, which may be inferred from reckless conduct, or they merely

require reckless conduct, which is considered 'tantamount to bad faith.'"  (Pl's

Resp. at 3 (citing <u>Cordoba</u>, 419 F.3d at 1178)).  The Court chooses to apply the

higher subjective bad faith standard in its analysis here.

 The conduct of Plaintiff and his new counsel is disturbing.  Agreeing to

represent Plaintiff after the case in this Court was mismanaged and poorly

prosecuted, Plaintiff's new counsel apparently developed the strategy to seek a

substantial concession by the Court—to allow the case to be dismissed without

prejudice so it could be re-filed with an additional defendant—rather than to seek

to add the defendant as a party while the case was pending in this Court.[6]  This

calculated litigating positioning, Plaintiff's new counsel argues, is simply good

advocacy.  Regretfully, litigation in our courts is embedded with this "get what you

can get" approach to our justice system.  Plaintiff's new counsel has seized every

nuance he can identify to concoct his argument that he simply was doing his job to

---

[6]  The litigation tactic apparently was to add the defendant and file the case in state court believing the new defendant would preclude removal to federal court.  This was not disclosed to the Court in Plaintiff's Motion to Dismiss and no action was taken to add a new defendant to the litigation while it was pending here.

represent his client.  In doing so, he belittles the authority of the Court and erodes

the integrity of the justice system.  His reliance on his self-serving email to the

Court and his request for declarations from a former Georgia Supreme Court

Justice and a law school professor—even though he did not disclose fully the

requirements of the Court's Local Rules—make it very difficult under the Eleventh

Circuit's jurisprudence to find that Plaintiff's counsel engaged in subjective bad

faith.  The Court concludes that counsel's clever reliance on the record he

concocted requires the Court, again reluctantly, to find that sanctions cannot be

imposed on the record here.[7]

C.    Fees and expenses required to be paid by Plaintiff to meet the
       pre-filing requirement of the January 15th Order

Finally, the Court considers Defendant Compact's Submission of Requested

Attorney's Fees [76], in which Compact seeks fees incurred and reasonably

expected to be incurred as follows:

1.  Answer ($850.50)
2.  Removal ($270.00)
3.  Rule 26 Conference ($648.00)
4.  Initial Disclosures ($945.00)
5.  Joint Preliminary Report and Discovery Plan ($1,269.00)

---

[7]  The Court directs Plaintiff's new counsel and the members of his firm that they
shall not request action by the Court in other than a proper motion and in
compliance with Local Rule 7.4.  He and other attorneys in his firm are specifically
admonished not to communicate substantive requests in cases pending in this Court
in other than a motion unless express permission is granted to do otherwise.

6.  Responding to Plaintiff's Motion to Amend the Scheduling Order and to Plaintiff's Motion to Dismiss ($3,726.00)

Plaintiff contests virtually all of these fees.  Plaintiff argues that the new complaint he ultimately filed was shorter than the complaint filed in this action and, as a result, he offers his opinion that Compact should not have to incur similar fees to answer a shorter complaint.  Plaintiff's counsel then argues that, from his perspective, it should take half the time to prepare an answer since the number of complaint paragraphs are less—ignoring that Plaintiff's new complaint adds a further party.  Plaintiff next argues that the complaint he ultimately filed was not removable and thus Compact will not, in his view, incur fees to remove the action to federal court, for a Rule 26 Conference, or to prepare Initial Disclosures or a Joint Preliminary Report and Discovery Plan.  Finally, Plaintiff's new counsel argues that Compact is not entitled to fees incurred to respond to Plaintiff's Motion to Amend Scheduling Order or Plaintiff's Motion to Dismiss, and even advances the argument that these fees could have been avoided or reduced if Compact simply had agreed to Plaintiff's requested modification to the scheduling order or declined to oppose the Motion to Dismiss.

The standard imposed by the Court in the January 15th Order was what fees and expenses did Compact incur that resulted from Plaintiff's request for dismissal and what were the fees and expenses that were reasonably expected to be incurred

if the Motion to Dismiss was allowed—a standard that applied before a new action was filed because it was this anticipated level of expenses that was required to be paid as a condition to allowing dismissal without prejudice.  In applying this standard, the Court determines that at the time the Court granted the Motion to Dismiss, it was not reasonable to expect that the fees Compact incurred to respond to Plaintiff's Motions to Dismiss and to Amend the Scheduling Order in this action would be duplicated in the re-filed action, and these fees are not allowed.

The Court finds, however, that the moderate, if not conservative, fees claimed by Compact were, at the time of the January 15th Order, reasonably expected to be incurred if the action was re-filed.  It was reasonable to expect that Defendants would remove if Plaintiff sought to avoid federal jurisdiction by filing in state court with a newly added defendant and, once in federal court, would undertake those litigation activities listed.  That the re-filed case ultimately was remanded is not material to the application of the standard for the payment of fees as a condition of re-filing.  The Court was authorized to impose a re-filing condition that reasonably related to the costs expected to be incurred if the case was allowed to be dismissed and was re-filed.   The Court imposed the condition set out in the January 15th Order and the amount claimed by Compact is the amount Plaintiff was required, but elected not, to pay.

The Court directs Plaintiff to tender to counsel for Compact, on or before January 15, 2014, funds in the amount of $3,982.50 for the incurred and reasonably expected to be incurred fees as required to comply with the filing condition in the January 15th Order.

## III.   CONCLUSION

For the reasons stated above, sanctions are not imposed on Plaintiff or Plaintiff's new counsel, and

**IT IS HEREBY ORDERED** that Plaintiff is **DIRECTED** to tender to counsel for Compact, on or before January 15, 2014, funds in the amount of $3,982.50 for the incurred and reasonably expected to be incurred fees as required to comply with the filing condition in the January 15th Order.

**SO ORDERED** this 2nd day of January, 2014.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE